COURT OF APPEAL, THIRD CIRCUIT

**STATE OF LOUISIANA**

**VERSUS**

**DAVID WAYNE WILTURNER**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 98-1798
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ned E. Doucet, Jr., Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Honorable J. Phillip Haney**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Kathleen E. Petersen**
**Louisiana Department of Justice**
**Post Office Box 94095**
**Baton Rouge, LA 70804-9095**
**(225) 342-7517**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Lynden J. Burton**

**Pecantte-Burton & Burton**
**1407 Main Street**
**Jeanerette, LA 70544**
**(337) 276-7888**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **David Wayne Wilturner**

**David Wayne Wilturner**
**Iberia Parish Detention Center**
**3618 Broken Arrow**
**New Iberia, LA 70560**
**IN PROPER PERSON**

AMY, Judge.

The defendant was charged with three counts of sexual battery and three counts of molestation of a juvenile and ultimately entered a guilty plea to one count of sexual battery. The trial court sentenced him to serve five years at hard labor. The defendant appeals his sentence. For the following reasons, we affirm.

### Factual and Procedural Background

On September 7, 2001, in connection with a plea bargain, the State filed a bill of information charging the defendant, David Wayne Wilturner, with sexual battery. The charge arose from certain events that transpired at the East Patout Group Home, a state-licensed home for mentally challenged children located in New Iberia, Louisiana, in September 1997.

According to the factual basis presented by the State at the plea hearing, the defendant was employed at the East Patout Group Home in the month of September 1997, when the events forming the basis for the sexual battery charge took place. On September 15, 1997, several group-home employees noticed a mark on the neck of a twelve-year-old resident of the home. The child initially told the employees that the mark was an insect bite. However, he later recanted this explanation and told an employee that the defendant, David Wilturner, had performed fellatio on him and had kissed and sucked certain other parts of his—the child's—body. The child further confided that he was afraid of the defendant. The employees reported the sexual abuse on September 15, 1997.

The State declared in its factual basis that beginning on or about September 1, 1997, and continuing through on or about September 15, 1997, the defendant sexually molested the minor child by sucking his nipples, touching his buttocks, and sucking his penis. The State further explained that the defendant also attempted to insert his

penis into the child's rectum but was unsuccessful. In addition, the defendant rubbed his penis against the child's back and buttocks.

On or about September 23, 1997, the child's bedding and bed linens were removed after the child disclosed that the defendant had ejaculated in his bed. Testing was performed on a semen stain found on the bedding, and the results indicated that the DNA present therein belonged to the defendant. The record indicates that the defendant's independently conducted lab tests confirmed the State's results.

Investigators from the Louisiana Department of Justice questioned the defendant about his conduct with the minor child in June 1998. The defendant denied that the alleged activities had taken place.

The defendant entered a plea of guilty to one count of sexual battery on August 29, 2002. The State alleged that the defendant knowingly and intentionally committed sexual battery, in violation of La.R.S. 14:43.1, against a victim who was not yet fifteen years of age, who was not the defendant's spouse, and who was more than three years younger than the defendant (at the time of the offense, the defendant was thirty-six years old, and the victim was twelve). Furthermore, the State noted, the victim was mildly mentally retarded and was under the defendant's control and supervision.

At the plea hearing, the defendant testified that he was presently employed as a customer representative, and he also served as a minister of music for a local church. He further testified that he was a high-school graduate, had some college education, and had no prior felony convictions.

The defendant's sentencing hearing took place in December 2002. The defendant produced numerous letters from various persons in the community that attested to his good character. In addition, three members of the community testified

2

on his behalf and prayed for leniency. The trial court sentenced him to serve five years at hard labor, with two and a half years suspended. The State subsequently challenged this sentence as illegal in that La.R.S. 14:43.1(C), the penalty provision of the sexual battery statute, requires that any sentence of imprisonment shall be "without benefit of parole, probation, or suspension of sentence." The trial court then vacated the original sentence and imposed a sentence of five years at hard labor.

The defendant appeals this sentence. In his sole assignment of error, the defendant contends that the trial court failed to adequately consider the mitigating circumstances listed in La.Code Crim.P. art. 894.1, the Louisiana sentencing guidelines, thereby resulting in a failure to sufficiently particularize the sentence.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. We find one such error.

The record of the proceedings in the court below does not indicate that the trial judge told the defendant at final sentencing that, pursuant to La.R.S. 14:43.1(C), he is not eligible for parole, probation, or suspension of sentence. La.R.S. 14:43.1(C) requires that a defendant's sentence under the sexual battery statute shall contain such restrictions.

Louisiana Revised Statutes 15:301.1(A) provides as follows:

> When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion

3

of the sentence be served without benefit of probation, parole, or suspension of sentence.

In *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, the Louisiana Supreme Court held that where statutory restrictions, such as those enumerated in La.R.S. 14:43.1(C), are not recited at sentencing, those restrictions are deemed to be contained in the sentence by operation of La.R.S. 15:301.1(A). The supreme court consequently determined that La.R.S. 15:301.1(A) "self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute." *Williams*, 800 So.2d at 799; *see also State v. Joseph*, 02-717 (La.App. 5 Cir. 1/14/03), 839 So.2d 103, *writ granted*, 03-315 (La. 5/16/03), 847 So.2d 1197, *aff'd on remand*, 02-717 (La.App. 5 Cir. 6/27/03), 850 So.2d 1049, and *State v. Segura*, 02-280 (La.App. 5 Cir. 9/30/02), 829 So.2d 587, *writ denied*, 02-2696 (La. 3/28/03), 840 So.2d 569.

Pursuant the Louisiana Supreme Court's decision in *Williams*, we determine that the trial judge's failure to specify that the defendant's sentence was subject to the restrictions listed in La.R.S. 14:43.1(C) does not require remand for correction; instead, the judge's sentence is deemed to include those restrictions by operation of law. Accordingly, any such error requires no action by this court.

*Constitutionally Excessive Sentence*

In his sole assignment of error on appeal, the defendant asserts that his sentence of five years at hard labor, imposed by the trial judge, is constitutionally excessive.

The maximum sentence that a court may impose for a violation of La.R.S. 14:43.1 is ten years. La.R.S. 14:43.1(C).

The standard of review for Louisiana appellate courts in determining whether a sentence levied upon a particular defendant was excessive is the manifest-abuse-of-discretion standard. *State v. Guzman*, 99-1753 (La. 5/16/00), 769 So.2d 1158. A trial judge has considerable latitude in imposing sentences within the constraints provided by law. *State v. Thompson*, 02-0333 (La. 4/9/03), 842 So.2d 330. However, in *State v. Marshall*, 94-0461, p. 24 (La. 9/5/95), 660 So.2d 819, 829, the Louisiana Supreme Court held that "[a] sentence may violate a defendant's constitutional right against excessive punishment even if it is within the statutory limit," *citing State v. Sepulvado*, 367 So.2d 762 (La.1979). Furthermore, under both United States and Louisiana law, a sentence is unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v.Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866 (1977); *State v. Handy*, 96-2505, p. 1 (La. 1/6/97), 686 So.2d 36, 37, *citing State v. Dorthey*, 623 So.2d 1276 (La.1993). The Louisiana Supreme Court has provided a list of several factors that appellate courts are to consider in ascertaining whether a sentence, by its excessive duration or severity, is grossly disproportionate to the underlying offense. *State v. Baxley*, 94-2982 (La. 5/22/95), 656 So.2d 973, *citing State v. Telsee*, 425 So.2d 1251, 1253 (La.1983). The appellate court's analysis of the sentence is cumulative and centers on an amalgam of relevant factors. *Id*. Among

5

these factors the supreme court notes, are "the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions." *Baxley*, 656 So.2d at 980, *citing Telsee*, 425 So.2d at 1253-54.

The heinous nature of the offense in the instant matter is apparent. According to the record, the defendant was very intimate with the victim, even to the extent of mounting an abortive attempt at intercourse. The victim's age and disability make this offense even more grievous. Five years' imprisonment for committing such a crime is not unreasonable punishment, and it is not an example of needless imposition of pain. Moreover, a sentence of five years' imprisonment is not grossly disproportionate to the severity of the offense and does not betray a manifest abuse of discretion on the part of the trial judge.

The crux of the defendant's argument on appeal is that the trial judge did not adequately consider mitigating circumstances pursuant to La.Code Crim.P. art. 894.1; as a result, he contends, his sentence violates the principles against excessive punishment set forth in the Louisiana constitution and the corresponding jurisprudence.

La.Code Crim.P. art. 894.1 provides general sentencing guidelines for offenses that warrant imprisonment. Mitigating and aggravating factors are listed in the guidelines, and each applicable factor is to be weighted accordingly in the trial judge's determination. In its opinion in *State v. Davis*, 449 So.2d 452, 453-54 (La.1984), the supreme court noted,

> The trial court's reasons in imposing sentence, as required by La.C.Cr. P. art. 894.1, are an important aid to this Court in reviewing an allegedly

6

excessive sentence. *State v. Telsee, supra; State v. Sepulvado*, 367 So.2d 762 (La.1979). . . .

The record of sentencing should indicate that the trial court has considered not only the circumstances militating for incarceration, but also any mitigating factors. *State v. Walker*, 414 So.2d 1245 (La.1982). In *State v. Guiden*, 399 So.2d 194, 200 (La 1981), U.S. cert denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d. 305, this Court noted that "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant."

It is evident from the record that the trial judge had indeed considered La.Code Crim.P. art. 894.1 in determining the defendant's sentence. Aggravating factors relevant to the matter on appeal include La.Code Crim.P. art. 894.1(B)(2), (B)(9), and (B)(13). Article 894.1(B)(2) provides: "The offender knew or should have known than the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health." This aggravating factor is certainly present in the case *sub judice* in that the defendant was employed at a group home for mentally retarded children, of which the victim was one. The defendant was well aware of the victim's disability. Art. 894.1(B)(9) provides: "The offense resulted in a significant permanent injury or significant economic loss to the victim or his family." The record of these proceedings reflects that the child's family is pursuing a civil suit against the defendant for damages that cannot be compensated through a criminal proceeding such as the instant matter. Finally, Art. 894.1 (B)(13) provides, in pertinent part, that "the offender occupied...a supervisory position." This factor is apposite in that the defendant was in a position of authority over the victim and was supposed to be his supervisor and care giver.

A review of the list of mitigating factors in La.Code Crim.P. art. 894.1 reveals that (B)(28) is applicable to the instant matter. This subpart provides: "The defendant

has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime." In the instant matter, the defendant has no criminal record apart from the violation of La.R.S. 14:43.1 that forms the focus of this case. The judge's comments at the sentencing hearing reflect that he had taken into account the commendations of members of the community in determining a sentence. The judge made an oblique reference to, and the record contains, the letters written by members of the defendant's community, and he stated that he was impressed by the testimony of the character witnesses called by the defendant at the sentencing hearing.

In his discretion, the trial judge determined that the appropriate sentence for the defendant was five years at hard labor, and we find that this sentence is supported by the record. This assignment lacks merit.

### DECREE

For the foregoing reasons, the sentence of the defendant, David Wayne Wilturner, is affirmed.

**AFFIRMED.**