916 So.2d 1264 (2005)
STATE of Louisiana, Appellee
v.
John Reagan DIVINE, Appellant.
No. 40,323-KA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
Peggy J. Sullivan, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Edwin L. Blewer, III, Lea R. Hall, Jr., Assistant District Attorneys, for Appellee.
Before BROWN, C.J., and CARAWAY and LOLLEY, JJ.
*1265 BROWN, C.J.
Defendant, John Reagan Divine, was indicted with the second degree murder of Joshua Koob. A jury convicted him of the responsive verdict of manslaughter. Thereafter, he was adjudicated a second felony offender. The trial court imposed a 30-year hard labor sentence (without the benefit of probation or suspension of sentence). Defendant has appealed. We affirm defendant's conviction and sentence.

Facts
On May 30, 2001, at a four-plex located at 1137 Dalzell Street in Shreveport, defendant, John Reagan Divine, shot and killed Joshua Koob during an altercation which initially involved Koob and defendant's brother, Nicholas Divine. At the time of the shooting, Koob, defendant, and Nicholas occupied three of the apartments in the four-plex, with the fourth apartment being occupied by James O'Conner and Carlos Vasquez.
Nick Divine came home from work around 5:00 p.m. on May 30, 2001, to find that his apartment had been burglarized. The burglar had broken the lock to the front door to gain entry. Nick picked up a shotgun and a rifle from his father, intending to spend the night in his apartment with his brother to prevent any further vandalism or theft. Noting erratic behavior on the part of Joshua Koob earlier that day, the brothers suspected that it was Koob who had broken into Nick's apartment.
At approximately 10:30 p.m., Nick, who was returning to his apartment with his father's guns, encountered Koob, who was descending the inner stairs, and asked Koob where was his fiancee's [engagement] ring. Koob saw Nick's weapons, and pulled a pistol out of his own pants, saying, "It's going to be like that?" The argument increased in intensity and defendant intervened. Koob was shot once in the back by defendant with a shotgun. Koob fell to the floor and rolled over onto his back. At this point, defendant grabbed the 9 mm pistol from Koob and shot Koob three times with a pistol in the neck, face, and chest.
Shreveport police officers responded to the scene and defendant and Nick, together with other witnesses to the shooting, were separated and taken in for questioning. At the time of the shooting, Jade Cofer was in defendant's apartment, O'Conner and Vasquez were in their apartment, and Matt Nance and Jason Tyler were moving Tyler's belongings from Koob's second floor apartment to Tyler's vehicle, which was parked in the lot behind the four-plex.
Defendant was arrested and charged with second degree murder. A jury of twelve found defendant guilty of the responsive verdict of manslaughter and defendant was sentence to 30 years at hard labor. This appeal ensued.

Discussion

Sufficiency of the Evidence
Defendant claims that he acted in self-defense and that the evidence adduced at trial did not support a manslaughter conviction. According to defendant, Joshua Koob was the aggressor and defendant was in reasonable apprehension that Koob was still armed when defendant fired his weapons; therefore, defendant's actions were reasonable considering the totality of the circumstances. It is defendant's position that the state failed to prove beyond a reasonable doubt that the killing was not justified.
In reviewing the sufficiency of the evidence to support a conviction, the appellate court is controlled by the standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which is whether the evidence, viewed in the light most favorable to the prosecution, *1266 was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La. App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Owens, 30,903 (La.App.2d Cir.09/25/98), 719 So.2d 610, writ denied, 98-2723 (La.02/05/99), 737 So.2d 747.
This standard, now legislatively embodied in La. C.C.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/04/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of witnesses, the matter is one of the weight, not the sufficiency, of the evidence. State v. Allen, 36,180 (La. App.2d Cir.09/18/02), 828 So.2d 622, writs denied, 02-2595 (La.03/28/03), 840 So.2d 566, 02-2997 (La.06/27/03), 847 So.2d 1255, cert. denied, Allen v. Louisiana, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
At trial, several witnesses testified that they had seen the victim, Joshua Koob, with a gun prior to the shooting. James O'Conner, another resident of the four-plex, stated that he had seen Koob outside earlier that day with a gun stuck down inside his shorts. Other witnesses, including defendant's brother, Matt Nance, and Jason Tyler, testified that when Nick Divine confronted Koob about stealing his girlfriend's ring, Koob pulled a pistol from his pants.
Both defendant and his brother testified that, at the time that defendant first shot Koob, he still had a gun in his hand and was moving away from defendant toward Nick; however, several other witnesses, including Matt Nance, Jade Cofer, James O'Conner, and Carlos Vasquez, testified that Koob was not armed when he was first shot by defendant.
The testimony of the forensic pathologist, Dr. George McCormick, clearly demonstrates that Koob was first shot in the back with a shotgun slug and then while lying face up on the floor, he was shot three times with a handgun. The pistol used by defendant was the one defendant had taken from Koob. According to Dr. McCormick, three of the four shots would have been fatal. Dr. McCormick on cross stated that, although the shotgun wound would have immediately dropped the victim to the floor and eventually have been fatal, the victim could have moved his hands while lying on the ground. Defendant claims that he believed that Koob may have still had a weapon; however, the only handgun recovered at the scene was the 9 mm used by defendant.
A review of the entire record clearly shows that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have reasonably concluded that any aggression on the part of Koob had ended and that he was first shot in the back by defendant and then shot in the neck, face, and chest while lying on the floor. The elements of second degree murder were proved beyond a reasonable doubt and a lesser verdict of manslaughter was responsive to the crime charged.

Excessive Sentence
Defendant's second assignment of error is that the 30-year hard labor sentence is excessive under the facts and circumstances of this case. According to defendant, *1267 the sentence is not tailored to the facts of the case or to defendant. Specifically, the trial court made no mention of defendant's youth or the role that the victim played in the incident, that is, that Koob was armed and the first to discharge a firearm. Additionally, defendant urges that the court should not have considered the fact that the shooting resulted from the use of violence as an aggravating factor because such circumstances were inherent in the offense of manslaughter.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
Prior to imposing sentence, the court discussed several factors listed in the PSI report. The court observed that defendant, who was 22 years old at the time of the offense, had a significant prior criminal history. Defendant had been arrested for illegal possession of stolen things, simple burglary, and possession of drug paraphernalia; however, he pled guilty to misdemeanor illegal possession of stolen things. While on probation for that offense, defendant was arrested for armed robbery but allowed to plead guilty to felony theft. Defendant also pled guilty to possession of a firearm by a convicted felon, aggravated assault, illegal use of a weapon, possession of an altered firearm, misdemeanor theft, simple battery, theft of goods, and drinking in public. He had an arrest for possession of marijuana and simple battery; however, these charges were dismissed. The court took into consideration that the victim, Joshua Koob, was 21 years old at the time he was killed, and his autopsy showed evidence of recent drug use. The court considered letters written by the victim's mother and stepfather. The court also considered a letter written by defendant, in addition to defendant's trial testimony and letters sent on his behalf.
The court felt that defendant was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the crime. The court also opined that defendant's conduct manifested deliberate cruelty to the victim. The court noted that defendant's conduct had a tremendous impact on the victim's family, emotionally and financially. Additionally, the court pointed out that defendant used dangerous weapons in the commission of the offense. The court further observed that defendant benefitted greatly from the lesser verdict of guilty of manslaughter rather than second degree murder. The court also noted that, rather than pursuing a sentence under the firearm enhancement provision of La. C.Cr.P. art. 893.3, the state chose to file a multiple offender bill. Finally, the court took cognizance of defendant's lack of remorse for his actions.
The sentencing range for the crime of manslaughter is imprisonment at hard labor for not more than 40 years. La. R.S. 14:31. La. R.S. 15:529.1(A)(1)(a) provides that if the second felony is such that upon a first conviction the offender would be subject to punishment of imprisonment for any term less than his natural life, then the sentence shall be for a determinate term of not less than one-half of the longest term and not more than twice the longest term prescribed for a first conviction. In the instant case, the sentencing *1268 range for defendant, a second felony offender convicted of manslaughter, was not less than 20 years and up to 80 years at hard labor. See La. R.S. 14:30.1; La. R.S. 15:529.1(A)(1)(a). La. R.S. 14:2(13)(d) defines "crime of violence" to specifically include manslaughter. La. C.Cr.P. art. 893(D)(1)(b) provides that the court shall not suspend the sentence of a person convicted of a crime of violence, such as manslaughter. See State v. Lowery, 33,584 (La.App.2d Cir.06/21/00), 765 So.2d 460.
The trial court sentenced defendant to 30 years at hard labor without the benefit of probation or suspension of sentence. Considering the totality of the circumstances, this sentence is not constitutionally excessive. Defendant is a second felony offender with an extensive history of criminal activity. A 30-year sentence for manslaughter, when the evidence presented arguably supported a finding of second degree murder, is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.