STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-482

STATE OF LOUISIANA

VERSUS

CHAD EVERETTE BATISTE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05-3023
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. SULLIVAN
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese,
Judges.

AFFIRMED.

Earl B. Taylor
District Attorney
Alisa Ardoin Gothreaux
Assistant District Attorney
Post Office Drawer 1968
Opelousas, Louisiana  70571
(337) 948-0551
Counsel for:
        State of Louisiana

James E. Beal
Louisiana Appellate Project
Post Office Box 307
Jonesboro, Louisiana  71251-0307
(318) 259-2391
Counsel for Defendant/Appellant:
        Chad Everette Batiste

**SULLIVAN, Judge.**

Defendant, Chad Everette Batiste, was charged by bill of indictment with second degree murder, in violation of La.R.S. 14:30.1. Defendant waived his right to trial by jury and, after a bench trial, was found guilty of the responsive verdict of manslaughter, in violation of La.R.S. 14:31. Defendant was sentenced to twenty years at hard labor. He filed a Motion to Reconsider Sentence which was denied.

Defendant is now before this court asserting one assignment of error, that his sentence is excessive. For the following reasons, we affirm.

## FACTS

On June 28, 2005, Defendant and Tyra Dale Hicks got into an argument. At some point, Defendant got into his truck and Hicks approached the passenger window, leaning in to tell Defendant "he would f_ _ k him up." Defendant then got out of the truck and hit Hicks in the head with a stick. Three days later, Hicks died.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant contends the trial court failed to give sufficient consideration to the mitigating factors in fashioning a sentence, such that a twenty-year sentence is excessive for this offender in this case.

Defendant was found guilty of manslaughter. The maximum sentence for manslaughter as set forth in La.R.S. 14:31 is forty years at hard labor. Defendant was sentenced to serve twenty years at hard labor. He argues that a twenty-year hard labor sentence is excessive for a thirty-three-year-old first offender who has no criminal record. Additionally, he argues that there is no evidence in the record that a less harsh sentence or a period of supervised release would not be appropriate.

1

## STANDARD OF REVIEW

The standard of review for Louisiana appellate courts in determining whether a sentence levied upon a particular defendant was excessive is the manifest-abuse-of-discretion standard. *State v. Guzman*, 99-1753 (La.5/16/00), 769 So.2d 1158. A trial judge has considerable latitude in imposing sentences within the constraints provided by law. *State v. Thompson*, 02-0333 (La.4/9/03), 842 So.2d 330. However, in *State v. Marshall*, 94-0461, p. 24 (La.9/5/95), 660 So.2d 819, 829, the Louisiana Supreme Court held that "[a] sentence may violate a defendant's constitutional right against excessive punishment even if it is within the statutory limit," *citing State v. Sepulvado*, 367 So.2d 762 (La.1979). Furthermore, under both United States and Louisiana law, a sentence is unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977); *State v. Handy*, 96-2505, p. 1 (La.1/6/97), 686 So.2d 36, 37, *citing State v. Dorthey*, 623 So.2d 1276 (La.1993). The Louisiana Supreme Court has provided a list of several factors that appellate courts are to consider in ascertaining whether a sentence, by its excessive duration or severity, is grossly disproportionate to the underlying offense. *State v. Baxley*, 94-2982 (La.5/22/95), 656 So.2d 973, *citing State v. Telsee*, 425 So.2d 1251, 1253 (La.1983). The appellate court's analysis of the sentence is cumulative and centers on an amalgam of relevant factors. *Id*. Among these factors the supreme court notes, are "the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions." *Baxley*, 656 So.2d at 980, *citing Telsee*, 425 So.2d at 1253-54.

*State v. Wilturner*, 03-719, pp. 5-6 (La.App. 3 Cir. 11/5/03), 858 So.2d 743, 746.

## ANALYSIS

The trial court stated the following at Defendant's sentencing hearing:

The Court found that the defendant in this case had the last opportunity to either drive off to avoid the victim and not exit from his vehicle but instead the defendant exited his vehicle, walked around to the other side of the vehicle where the victim was and struck him in the head with one blow to the head.

The mitigating circumstances show that the victim had been taunting the defendant and had been picking at Chad to fight him the entire evening of the incident in question. The victim entered the

vehicle from the passenger side with a forty (40) ounce beer in his hand and threatened to do harm to the defendant.

The medical evidence showed that the victim, Tyra Dale Hicks had ingested cocaine, marijuana, alcohol and some unknown substance captioned Benzu . . . in his system at the time of his death.

The defendant was charged with Second Degree Murder and the Court found him guilty of Manslaughter. The Court did [not] accept the defense of self-defense or did not accept that theory by the defense in this case at this trial.

The defendant, Chad Batiste[,] has no prior record whatsoever other than the instant offense. No juvenile. No adult record. . . .

At the hearing on Defendant's Motion to Reconsider Sentence, defense counsel argued that Defendant's sentence was excessive based on the following: Defendant was a first offender; Defendant did not contemplate his conduct would cause or threaten serious harm; Defendant acted under strong provocation; and, there were substantial grounds tending to justify the criminal conduct of Defendant.

The trial court reminded the parties that Defendant was convicted and sentenced after a bench trial and that all of the grounds argued by Defendant in his motion to reconsider sentence, especially Defendant's lack of criminal record, had been taken into consideration. In denying the motion, however, the trial court focused on the fact that Defendant could have walked away but did not, and a man's life was taken as a result.

In *State v. Griffin*, 06-543 (La.App. 3 Cir. 9/27/06), 940 So.2d 845, *writ denied*, 07-2 (La. 9/14/07), 963 So.2d 995, this court was called upon to decide, among other issues, whether the defendant's sentence of thirty-five years at hard labor after being convicted of manslaughter was excessive. At the sentencing hearing, the trial court stated the following:

3

> You can't have someone come over and mouth off to you and there's not a weapon, he's just mouthing off. And you can't . . . there can't be precedent which would allow you to stick them . . . stab them with a 3.5 inch knife of that type or any kind of a knife in the gut. There are too many other methods of retreat.

*Id*. at 856-857. In affirming the sentence imposed by the trial court, we noted that this court has upheld lengthy sentences for manslaughter.

In *State v. Batiste*, 06-875 (La.App. 4 Cir. 12/20/06), 947 So.2d 810, the defendant was convicted of manslaughter for shooting the victim once over a twenty-dollar bet on a domino game. During the game, the defendant and the victim argued and the victim told the defendant to go to his truck and get his "s***," meaning his gun. Defendant retrieved his gun and returned to the domino table. He and the victim continued to argue, and the victim grabbed the defendant in a bear hug. The men scuffled and the defendant shot the victim. The fourth circuit noted that:

> [T]he fight resulting in the victim's death arose from "trash talking" that ultimately provoked the shooting. Nonetheless, the [trial] court noted that the altercation resulted in the death of one person. The [trial] court stated that if the [defendant] had not armed himself, he would not be standing before the court convicted of shooting someone. The [trial] court reiterated that it had taken into consideration the [defendant's] age and physical condition,[1] but the [trial] court believed that the sentence of twenty years was warranted even though the [defendant] was a first offender.

*Id.* at 820.

It is clear that the trial court carefully considered the circumstances surrounding the offense and Defendant's lack of criminal record. Defendant faced a sentence of no more than forty years at hard labor after being convicted of manslaughter. La.R.S. 14:31. Based on our review of the record and the cases cited herein, we find that the trial court did not abuse its discretion when sentencing

---

[1]The defendant was in his seventies at the time of the crime.

Defendant and that Defendant's mid-range sentence is not grossly disproportionate to the severity of the offense.

## CONCLUSION

Defendant's claim that his sentence is excessive lacks merit, and his sentence is affirmed.

**AFFIRMED**.