# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 08-442

STATE OF LOUISIANA

VERSUS

BOBBY D. BROWN

****************

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C12539
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

****************

JAMES T. GENOVESE
JUDGE

****************

Court composed of John D. Saunders, James T. Genovese, and Chris J. Roy, Sr.,*
Judges.

**AFFIRMED.**

Peggy J. Sullivan
Louisiana Appellate Project
Post Office Box 2775
Monroe, Louisiana 71207-2775
(318) 387-6124
COUNSEL FOR DEFENDANT/APPELLANT:
    Bobby D. Brown

Van H. Kyzar
District Attorney – Tenth Judicial District
ADA R. Stuart Wright
Post Office Box 838
Natchitoches, Louisiana 71458-0838
(318) 357-2214
COUNSEL FOR APPELLEE:
    State of Louisiana

---

    *Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**GENOVESE, Judge.**

On March 27, 2007, a Natchitoches Parish Grand Jury indicted Defendant, Bobby D. Brown, for second degree murder, a violation of La.R.S. 14:30.1. A jury trial was held on September 17 and 18, 2007, wherein the jury returned a responsive verdict of manslaughter, a violation of La.R.S. 14:31.

On December 19, 2007, the trial court held a sentencing hearing. After hearing from the victim's mother, the court noted that it had reviewed the pre-sentence investigation (PSI) report, the facts of the case, and Defendant's criminal history. The court then sentenced Defendant to thirty years at hard labor. Trial counsel immediately moved for an appeal, but the record does not contain any motion to reconsider the sentence. Defendant appeals, alleging excessiveness of sentence.

## FACTS

In the early morning hours of February 7, 2007,[1] the victim, Dedrick Gordon, and several other people attended a party at Defendant's residence. Although some attendees consumed alcohol and other drugs, the atmosphere was cordial. Suddenly, Defendant discharged his revolver into his bedroom floor, then walked into the kitchen area and ordered everyone to leave the house. The party-goers all began to leave through the front door, but the victim was backing out, asking Defendant to let him recover his cell phone and his keys. When the victim reached the front porch, Defendant fired a shot. As the victim began running, Defendant fired again.

The victim fell near a bush in front of the house. As Defendant advanced, the victim produced a handgun and began firing, grazing Defendant once. Defendant shot the supine victim, then fled the scene. The victim later died at a nearby hospital

---

[1]Though one of the prosecutor's questions indicates the offense occurred on March 7, 2007, other portions of the record indicate that February 7, 2007 is the correct date of the offense.

as a result of two gunshot wounds in his torso.

In his statement to the police, Defendant admitted shooting the victim, but claimed he did not know his first shot hit the victim and that his final shots were in response to the victim's shots.

## ASSIGNMENT OF ERROR

In his lone assignment of error, Defendant argues that his thirty-year sentence is excessive. The record does not contain a motion to reconsider the sentence; thus, the issue has not been preserved for review. La.Code Crim.P. art. 881.1(E). However, we will review the sentence for constitutional excessiveness.

As previously set forth in this opinion, the jury convicted the Defendant of manslaughter, which provides for a maximum sentence of forty years. La.R.S. 14:31. This court has employed the following analysis for such claims:

> The standard of review for Louisiana appellate courts in determining whether a sentence levied upon a particular defendant was excessive is the manifest-abuse-of-discretion standard. *State v. Guzman*, 99-1753 (La.5/16/00), 769 So.2d 1158. A trial judge has considerable latitude in imposing sentences within the constraints provided by law. *State v. Thompson*, 02-0333 (La.4/9/03), 842 So.2d 330. However, in *State v. Marshall*, 94-0461, p. 24 (La.9/5/95), 660 So.2d 819, 829, the Louisiana Supreme Court held that "[a] sentence may violate a defendant's constitutional right against excessive punishment even if it is within the statutory limit," *citing State v. Sepulvado*, 367 So.2d 762 (La.1979). Furthermore, under both United States and Louisiana law, a sentence is unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977); *State v. Handy*, 96-2505, p. 1 (La.1/6/97), 686 So.2d 36, 37, *citing State v. Dorthey*, 623 So.2d 1276 (La.1993). The Louisiana Supreme Court has provided a list of several factors that appellate courts are to consider in ascertaining whether a sentence, by its excessive duration or severity, is grossly disproportionate to the underlying offense. *State v. Baxley,* 94-2982 (La.5/22/95), 656 So.2d 973, *citing State v. Telsee*, 425 So.2d 1251, 1253 (La.1983). The appellate court's analysis of the sentence is cumulative and centers on an amalgam of

2

relevant factors. *Id.* Among these factors the supreme court notes, are "the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions." *Baxley*, 656 So.2d at 980, *citing Telsee*, 425 So.2d at 1253-54.

*State v. Wilturner*, 03-719, pp. 5-6 (La.App. 3 Cir. 11/5/03), 858 So.2d 743, 746.

In the present case, the court gave extensive reasons for the sentence it imposed

upon Defendant:

THE COURT: This matter is before Court for the sentencing of Mr. Brown following his conviction of manslaughter. The Court has the benefit of a pre-sentence investigative report by the Department of . . . Office of Probation and Parole which I have allowed counsel to read, as well as the argument of counsel today and Ms. Gordon's testimony. Mr. Brown is . . . I calculated is about thirty-eight (38) years old. He was charged with 2nd Degree Murder of Dedrick Gordon, uh, which occurred on February 7, 2007. The evidence at the trial revealed that Mr. Brown, Mr. Gordon, and others were partying at Mr. Brown's house, uh . . . and that there were drugs and alcohol present and Mr. Brown admitting using them himself. Mr. Brown was in the bedroom with a woman. For some reason he loaded his pistol, and while doing so, apparently accidentally shot it into the floor. He then went out of the bedroom that he was in into the kitchen . . . living area, and yelled at everyone to leave the house. He and Mr. Gordon exchanged words. Mr. Gordon ran from the house and into the yard. Mr. Brown followed him and started shooting at Mr. Gordon. Mr. Gordon had his own gun. Mr. Gordon was apparently struck by a bullet, fell to the ground, but was able to return fire, wounding Mr. Brown in the right side. Mr. Brown, fled the scene, but was eventually persuaded by his foster mother to allow her to call the police to surrender himself. And after she called the police . . . after she did so, the police went to her residence and arrested him. The pre-sentence report indicates that this is Mr. Brown's fourth felony conviction. In April, 1990, he pled guilty to one count of simple robbery. He was placed on probation. He violated his probation and it was revoked. He served a DOC sentence and then was released on parole. He violated his parole and it was revoked and he served the remainder of his sentence. In May, 1992, while on probation for simple robbery, he was convicted of simple burglary. He was sentenced to three (3) years DOC to run concurrently with his robbery sentence as a result of his revocation. In July, 2002, he pled guilty to Possession of Schedule II, and was placed on probation as the result of a plea bargain. On September 18, 2007, he was tried for Second Degree Murder, and the jury found him guilty of the Manslaughter charge that is before the Court today. The Court notes that as a fourth felony offender, the

3

defendant is not eligible for a probated sentence. The Court is required to consider aggravating and mitigating circumstances in determining an appropriate sentence, pursuant to Article 894.1 of the Code of Criminal Procedure. In considering mitigating circumstances, I must admit that I don't find uh, much. I know Mr. Brown from other cases before the Court. And I do know that he has some limitations on his intellectual ability. But I have no reason to believe that they uh, extend uh, here to . . . do much in mitigation of him. Uh, Mr. Brown was charged with Second Degree Murder, and the jury found him guilty of manslaughter, which is a lesser offense. Uh, he was apparently using alcohol and/or illegal drugs, and may have been to some extent been under the influence of that and beyond . . . I don't find any other mitigating circumstances. The aggravating circumstances are much greater. Mr. Brown, this is your fourth felony. Previous felonies included robbery and burglary. You committed this crime with a firearm. And while the jury found you guilty of manslaughter, you ran out of the bedroom with a pistol, fired . . . and ran out of the house, following Mr. Gordon into the yard where you shot him to death. There's some argument that what you did is greater than manslaughter. The Court places great weight in determining your sentence on your criminal history, and the fact that you took the life of someone, and the manner in which you did it, in chasing him into the yard to kill him. I uh . . . I've listened to the eloquent testimony of Ms. Gordon and I know that Mr. Gordon, the victim, left his mother, three (3) children, and a twin brother. So there is a family devastated as a result of this loss. It is obvious that the Court would find that you are in need of a correctual (sic) environment treatment that can best be provided most effectively by your lengthy commitment to an institution. The Court finds that a lesser sentence than the one imposed today would deprecate the seriousness of your crime. Accordingly, Mr. Brown, you are sentenced to thirty (30) years at hard labor with the Louisiana Department of Corrections, you are given credit for any time served.

Regarding the first factor cited in *Wilturner*, the nature of the offense, manslaughter is clearly a very serious offense. Further, this was an egregious type of manslaughter, as there was no necessity for Defendant to follow the victim out of the house and shoot him. The second factor, the nature of the offender, also weighs against Defendant, as he is a fourth felony offender. Regarding comparison of the present sentence to other sentences for the same or similar crimes, we note that the sentence is well within the normal limits of Louisiana jurisprudence. *See, e.g., State v. Divine*, 40,323 (La.App. 2 Cir. 12/14/05), 916 So.2d 1264, *writ denied*, 06-717 (La.

4

10/6/06), 938 So.2d 67 (thirty-year manslaughter sentence for second felony offender); *State v. Weatherspoon*, 06-539 (La.App. 5 Cir. 12/12/06), 948 So.2d 215, *writ denied*, 07-462 (La. 10/12/07), 965 So.2d 398 (thirty-five year manslaughter sentence for offender with prior juvenile adjudication); and, *State v. Runyon*, 06-823 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330, (thirty-year manslaughter sentence for first offender who initiated the violence at issue, and used a weapon).

## CONCLUSION

For the reasons set forth herein, we find that Defendant's claim of excessiveness of sentence lacks merit. Defendant's sentence is affirmed.

**AFFIRMED.**