## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1006

**STATE OF LOUISIANA**

**VERSUS**

**SOAMER NOTIER RIVERA SORIANO**
**A/K/A SOAMER N. RIVERA-SORIANO**
**A/K/A SOAMER R. SORIANO**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 137720
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**THIBODEAUX, Chief Judge, dissents and assigns written reasons.**

**Keith A. Stutes**
**District Attorney**
**Ronald E. Dauterive**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles,   LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Soamer Notier Rivera Soriano**

**AMY, Judge.**

The State of Louisiana charged the defendant with second degree murder, alleging that the defendant fatally stabbed the victim. After a jury trial, the defendant was convicted of manslaughter and sentenced to forty years imprisonment at hard labor. The defendant appeals, asserting that his sentence is excessive. For the following reasons, we affirm.

## Factual and Procedural Background

The defendant, Soamer Notier Rivera Soriano, a/k/a Soamer N. Rivera-Soriano; a/k/a Soamer R. Soriano, was charged with second degree murder, a violation of La.R.S. 14:30.1, in connection with the death of Edwin Alexander Castillo. At trial, the State alleged that both the defendant and the victim were leaving an activity at a local restaurant when the defendant stabbed the victim. The defendant then chased the victim through the parking lot, and, after the victim fell, stabbed the victim again. The State also alleged that the defendant attempted to flee the scene, but was apprehended by one of two off-duty police officers who were working security details at the venue. The victim died from his wounds. The defendant, who testified at trial, contended that he acted in self-defense. The defendant asserted that the victim had attacked him on previous occasions and that, on the night in question, the victim made threats towards him. The jury subsequently returned a responsive verdict of guilty of manslaughter, a violation of La.R.S. 14:31.

The defendant thereafter filed an application for post-conviction relief, seeking an out-of-time appeal. The trial court granted the out-of-time appeal on the sole issue of whether the defendant's sentence was excessive.

The defendant now appeals, asserting that his sentence is unconstitutionally excessive.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent. An error patent is one which is "is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). After performing that review, we note no such errors.

*Excessive Sentence*

The defendant asserts that his forty-year hard labor sentence is excessive. We note that the defendant did not file a motion to reconsider sentence or make any objection to his sentence in the trial court. Accordingly, pursuant to La.Code Crim.P. art. 881.1, we limit our review to a bare excessiveness review. *See* e.g., *State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011).

The defendant was convicted of manslaughter, a violation of La.R.S. 14:31. The relevant sentencing provision of La.R.S. 14:31 provides that "[w]hoever commits manslaughter shall be imprisoned at hard labor for not more than forty years." Thus, the defendant's forty-year hard labor sentence is the maximum sentence allowed by law. However, sentences within the statutory limits may still be unconstitutionally excessive. *State v. Bailey*, 07-130 (La.App. 3 Cir. 10/3/07), 968 So.2d 247. Further, maximum sentences are reserved for cases involving the worst type of offender and the most serious violations of the offense charged. *Id.*

2

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court elaborated on that analysis, stating:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

The record reflects that, at the time of the offense, the defendant was twenty-five years old and that this was his first felony offense. Further, the defendant's attorney indicated that the defendant had been employed by various restaurants

3

since 2008. Additionally, the defendant, who is from Honduras, stated at sentencing that his father was very ill and that he had been sending money to Honduras to buy his father's medication. The defendant also represented that he had been assisting his sister and her children.

The evidence adduced at trial was that the defendant and the victim both attended an activity at a local restaurant and were exiting the venue when it shut down for the night. Two uniformed, off-duty police officers were present and providing security for the venue. There was testimony that the defendant shoved the victim and, after the victim shoved him back, the defendant produced a knife and stabbed the victim. There was also testimony that the victim tried to run away, but that the defendant chased him. When the victim fell down, the defendant stabbed him again. The defendant then attempted to flee, but one of the off-duty police officers apprehended the defendant. The autopsy report, which was entered into evidence, indicated that the victim died as a result of multiple stab wounds.

The defendant, who testified in his own defense, asserted that the victim had previously attacked the defendant on several occasions. The defendant testified that the victim's friends were the ones that brought the knife and that he was afraid that the victim was going to attack him again.

Our review of similar cases indicates that maximum sentences for manslaughter have been upheld on several occasions. In *State v. Yelverton*, 12-745, p. 16 (La.App. 5 Cir. 2/21/13), 156 So.3d 53, 64, *writ denied*, 13-629 (La. 10/11/13), 123 So.3d 1217, the defendant, who also pled guilty to one count of obstruction of justice, "shot the victim at close range in the backseat of a car occupied by the victim and a 16-year-old witness." The defendant asserted that the

4

victim had challenged him to a fight and that he thought the victim was reaching for a gun.

> Following the shooting, the defendant left the victim on the side of the street to die and proceeded to discard belongings left in the vehicle, including the weapon, the witness's identification, and other evidence of the crime. The defendant also attempted to clean the vehicle in which the victim was shot to remove the blood and any other evidence.

*Id.*

The defendant in *Yelverton*, 156 So.3d 53, who was charged with second degree murder, was ultimately convicted of manslaughter. The trial court subsequently imposed the maximum sentence of forty years at hard labor for the defendant's manslaughter conviction. Noting that this was the defendant's first felony offense and that the defendant cooperated with the police, the fifth circuit nonetheless concluded that the defendant's maximum sentence for manslaughter was not excessive.

In *State v. Lanieu*, 98-1260 (La.App. 1 Cir. 4/1/99), 734 So.2d 89, *writ denied*, 99-1259 (La. 10/8/99), 750 So.2d 962 (*abrogation on other grounds recognized in Holmes v. La. Dept. of Pub. Safety & Corrections*, 11-2221 (La.App. 1 Cir. 6/28/12), 93 So.3d 761, *writ denied*, 12-1788 (La. 12/14/12), 104 So.3d 436), the defendant was charged with second degree murder. The defendant and the victim had been arguing and cursing at each other when the defendant shot the victim twice in the head. The defendant later claimed that he thought the victim was reaching for a gun. A jury subsequently found the defendant guilty of the responsive charge of manslaughter and the trial court imposed a sentence of forty years at hard labor. The defendant appealed, asserting, in part, that his sentence was excessive. The first circuit noted that the defendant was a youthful first felony

offender, but found that, given the factual basis in the record, the defendant was "one of the worst offenders and this crime [was] one of the most serious offenses." *Id.* at 98. *See also State v. McGhee*, 10-583 (La.App. 3 Cir. 12/8/10), 52 So.3d 318, *writ denied*, 11-62 (La. 5/20/11), 63 So.3d 973; *Bailey*, 968 So.2d 247.

In this case, the record indicates that the defendant was a first felony offender and that he cooperated with the police after his arrest. However, the evidence adduced at trial was sufficient to support a conclusion that the defendant resorted to violence that was unnecessary based on the circumstances and that the defendant's violent acts ultimately ended in the victim's death. At sentencing, the trial court stated that:

> You [the defendant] stand convicted of the killing of another human being. The crime of which you are convicted is a crime of violence. You stabbed the victim, chased him down, and stabbed him again.

> While you claim the victim threatened you there is no explanation of why you did not simply retreat from the situation and why you chased the victim as he fled and stabbed him again.

> I note that you used a dangerous weapon during the commission of this offense. And your act had a significant impact on the victim's family.

Although the defendant contends that he acted in self-defense, the trial court concluded that "there is no explanation of why you did not simply retreat from the situation and why you chased the victim as he fled and stabbed him again." Our review indicates that the record supports that conclusion. We note that none of the other witnesses testified that the victim acted threateningly towards the defendant immediately before the incident. Further, the record also indicates that there were two uniformed off-duty police officers working security at the venue; and the defendant testified at trial that, on a previous occasion, "a policeman walked him to

the car" after he told security about his "issue" with the victim. Based on the foregoing, we find that the defendant's sentence was not unconstitutionally excessive and that the trial court did not abuse its discretion in imposing the maximum sentence.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the sentence of the defendant, Soamer Notier Rivera Soriano, for manslaughter, a violation of La.R.S. 14:31, is affirmed.

**AFFIRMED.**

STATE OF LOUISIANA

VERSUS

SOAMER NOTIER RIVERA SORIANO
A/K/A SOAMER N. RIVERA-SORIANO
A/K/A SOAMER R. SORIANO


**THIBODEAUX, Chief Judge, dissenting.**


An appellate court should consider three (3) factors when reviewing a defendant's sentence. Those factors are: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentences imposed for similar crimes. Those factors are essential in determining the disproportionality of a sentence. *State v. Telsee*, 425 So.2d 1251 (La.1983). What strongly militates in Defendant's favor is the nature and background of the offender. Mr. Soriano was only twenty-seven years old at the time of sentencing. He is a young man with no criminal record. He is a family-oriented individual and would send money back to Honduras, his home country, to help his father as well as helping his sister in Lafayette. Moreover, Defendant expressed his remorse and sympathy to the Castillo Family at the sentencing hearing.

It has now become axiomatic that maximum sentences are reserved for the worst offender and for the most serious violations. This offense, manslaughter, is certainly a serious one, and I do not mean to minimize the seriousness of this commission by Mr. Soriano. However, the fact remains that the trial court and the

majority have deviated from the jurisprudential rule that maximum sentences are reserved for the worst offenders. Mr. Soriano does not fit into that category of offenders.

Many cases have imposed lower sentences for similar crimes. *See State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067; *State v. Runyon*, 06-823 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330; *State v. Batiste*, 07-482 (La.App. 3 Cir. 10/31/07), 969 So.2d 704; *State v. Brown*, 08-442 (La.App. 3 Cir. 11/12/08), 997 So.2d 875, *writs denied*, 09-232 (La. 10/30/09), 21 So.3d 279; *State v. Osborn*, 13-697 (La.App. 3 Cir. 12/11/13), 127 So.3d 1087.

The maximum sentence imposed upon Defendant in this case is constitutionally excessive in that it makes no measureable contribution to acceptable goals of punishment and is nothing more than the needless imposition of pain and suffering. *Telsee*, 425 So.2d at 1251.

For the foregoing reasons, I respectfully dissent and would remand to the trial court for resentencing.