THIBODEAUX, Chief Judge,
dissenting.
I An appellate court should consider three (3) factors when reviewing a defendant’s sentence. Those factors are: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentences imposed for similar crimes. *904 Those factors are essential-in determining the disproportionality of a sentence. State v. Telsee, 425 So.2d 1251 (La.1983). What strongly militates in Defendant’s favor is the nature and background of the offender. Mr. Soriano was only twenty-seven years old at the time of sentencing. He is a young man with no criminal record. He is a family-oriented individual and would send money back to Honduras, his home country, to help his father as well as helping his sister in Lafayette. Moreover, Defendant expressed his remorse and sympathy to the Castillo Family at the sentencing hearing.
It has now become axiomatic that maximum sentences are reserved for the worst offender and for the most serious violations. This offense, manslaughter, is certainly a serious one, and I do not mean to minimize the seriousness of this commission by Mr. Soriano. However, the fact remains that the trial court and the I ¿majority have deviated from the jurisprudential rule that maximum sentences are reserved for the worst offenders. Mr. So-riano does not fit into that category of offenders.
Many cases have imposed lower sentences for similar crimes. See State v. Etienne, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, writ denied, 00-165 (La.6/30/00), 765 So.2d 1067; State v. Runyon, 06-823 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, writ denied, 07-49 (La.9/21/07), 964 So.2d 330; State v. Batiste, 07-482 (La.App. 3 Cir. 10/31/07), 969 So.2d 704; State v. Brown, 08-442 (La.App. 3 Cir. 11/12/08), 997 So.2d 875, writs denied, 09-232 (La.10/30/09), 21 So.3d 279; State v. Osborn, 13-697 (La.App. 3 Cir. 12/11/13), 127 So.3d 1087.
The maximum sentence imposed upon Defendant in this case is constitutionally excessive in that it makes no measureable contribution to acceptable goals of punishment and is nothing more than the needless imposition of pain and suffering. Tel-see, 425 So,2d at 1251.
For the foregoing reasons, I respectfully dissent and would remand to the trial court for resentencing.