# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-136

**STATE OF LOUISIANA**

**VERSUS**

**SAM CLARK, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 16-K-1269-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.

**AFFIRMED**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**P.O. Box 52988**
**Shreveport, LA 71135-2988**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Sam Clark, Jr.**

**Sam Clark, Jr.**
**In Proper Person**
**David Wade Correctional Center**
**670 Bell Hill Rd**
**Homer, LA 70140**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Sam Clark, Jr.**

**Earl B. Taylor**
**District Attorney**
**Kathleen E. Ryan**
**Assistant District Attorney**
**Twenty-Seventh Judicial District Court**
**P. O. Drawer 1968**
**Opelousas, LA 70571**
**(337) 948-0551**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**KYZAR, Judge.**

Defendant, Sam Clark, Jr., appeals his sentence of forty years incarceration at hard labor following his conviction for manslaughter for the killing of his former wife. For the reasons set forth, we affirm the conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

On June 20, 2016, Defendant, Sam Clark, Jr., was charged by bill of indictment with the second degree murder of his wife, Kimberly Perkins Clark, in violation of La.R.S. 14:30.1. Jury selection began on September 24, 2018. Following a two-day trial, Defendant was found guilty of the responsive verdict of manslaughter on September 26, 2018.

On November 13, 2018, the trial court sentenced Defendant to forty years at hard labor. Defendant filed a "Motion to Reconsider Sentence" on December 7, 2018, arguing that his sentence was excessive, as follows:

> In sentencing the defendant, the Court failed to take into consideration all of the mitigating factors pursuant to the sentencing guidelines and sentenced the defendant to a term of imprisonment in excess of a term that would be considered reasonable for the facts of this case and, therefore, is cruel and unusual punishment.
>
> The defendant seeks reconsideration of this sentence as being excessive under the circumstances.

A hearing was held on Defendant's motion on January 24, 2019. Counsel for Defendant presented no new evidence during the hearing but urged "that the court reconsider the forty year period based on the evidence that was submitted to the court at the prior sentencing." The trial court denied the motion, noting that "in [its] mind it should have been murder and [it] felt that sentence fit what the facts showed during the case."

The facts as presented during the trial and as noted by the trial court at sentencing show that Defendant shot his wife twice in the back of the head, then

threw her body off a bridge, where she ultimately died from drowning. At trial, Defendant successfully argued that the murder occurred in sudden passion when Defendant learned that his wife was cheating on him and was planning to leave him.

Defendant now appeals, arguing only that his sentence is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## DISCUSSION

In his sole assignment of error, Defendant contends his sentence is excessive. His predominant argument herein is most succinctly summed up in the final paragraph of his brief to this court:

> That is, the Trial Court seemed to have determined before trial and before any evidence was adduced that it would impose a harsh sentence upon Mr. Clark, should he receive a lesser verdict. Because it appears that the sentence in this case, 40 years of imprisonment, the maximum possible sentence, was imposed in part to punish Mr. Clark for exercising his right to a jury trial, a trial that resulted in a lesser-included verdict, this maximum sentence serves no purpose, is excessive, and must be reversed.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

2

Defendant's motion to reconsider sentence filed with the trial court failed to allege any complaint regarding judicial pre-determination of his sentence. Accordingly, Defendant is precluded from raising such an argument for the first time on appeal. However, we will proceed with a review of Defendant's claim for bare excessiveness based on the claims raised in the motion for resentencing and the more general allegations set forth in Defendant's brief.

Louisiana courts have laid out the following guidelines with regard to reviewing claims of excessive sentence:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

In *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider "the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes[.]"

Defendant was convicted of the manslaughter of his wife, a crime which by relevant definition "would be murder . . . but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection." La.R.S. 14:31(A)(1). While all homicides are, to some extent, heinous, the uncontested evidence presented at trial established that Defendant shot his wife in the back of the head twice before throwing her off a bridge whilst she was still breathing, with drowning being her official cause of death. Defendant disposed of the gun used to shoot his wife in the head and went back to the bridge, presumably to make sure she was dead, as the trial court surmised at sentencing. He initially denied any involvement in the crime.

4

Evidence presented to the trial court as to the Defendant's nature and background did show that he had been self-employed and provided for his family for ten years prior to killing his wife. The trial court, however, noted this was Defendant's third felony conviction, as he previously pled guilty to felony criminal damage to property in 1982. Defendant also pled guilty to second degree battery stemming from an incident in 2000. The trial court further noted that Defendant had a prior conviction wherein he had originally been charged with domestic abuse by strangulation and domestic abuse by aggravated assault but ultimately pled guilty to misdemeanor domestic abuse battery. The victim in that event was also Defendant's wife.

We find no merit to Defendant's assertions that the trial court did not adequately consider the mitigating factors set forth in La.Code Crim.P. art 894.1. As noted above, the trial court indeed considered certain of the mitigating factors argued by Defendant, though it did not consider all of the aggravating factors listed. Consideration of every factor, or whether they are applicable, is not required of the trial court in sentencing. *State v. Lanclos*, 419 So.2d 475 (La.1982). "The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions." *Id.* at 478. Accordingly, we find that the trial court adequately considered the nature of the crime and the nature and background of Defendant in imposing the sentence in the present case.

The mere fact that the sentence is the maximum statutory penalty is not dispositive that the sentence is cruel or unusual. This court has previously upheld maximum sentences for manslaughter. In *State v. Soriano*, 15-1006 (La.App. 3 Cir. 6/1/16), 192 So.3d 899, *writ denied*, 16-1523 (La. 6/5/17), 219 So.3d 1111, this court affirmed a forty-year sentence for a twenty-seven year old first offender who claimed self-defense based upon prior interactions with the victim. There, as in the instant

5

case, the defendant was found guilty of manslaughter as a responsive verdict to a second degree murder charge. Similarly, this court upheld a maximum sentence for a defendant convicted of manslaughter in response to a second degree murder charge while claiming self-defense in *State v. Fox*, 15-692 (La.App. 3 Cir. 2/3/16), 184 So.3d 886, *writ denied*, 16-404 (La. 3/13/17), 216 So.3d 800.

In a case that is somewhat similar factually, *State v. Plauche*, 09-400 (La.App. 3 Cir. 1/6/10), 32 So.3d 852, *writ denied*, 10-302 (La. 9/24/10), 45 So.3d 1070, this court upheld the imposition of the maximum sentence of forty years for manslaughter under circumstances where the defendant shot his wife in the neck two weeks after learning she was having an affair. After shooting his wife, he failed to offer her any aid, allowing her to "waddle" on the floor on her back in pain, later succumbing to her wounds. In mitigation, the trial court noted that the defendant had no history of criminal activity, the circumstances were unlikely to reoccur, and that imprisonment would impose excessive hardship on the defendant's children. The trial court concluded that although the jury had convicted the defendant of manslaughter, the facts were more akin to a second degree murder, the crime with which he was originally charged.

As noted during the hearing on Defendant's motion to reconsider, the trial court in the instant case clearly believed Defendant's actions constituted second degree murder and that Defendant benefited from his manslaughter conviction, which reduced his sentence from mandatory life imprisonment to not more than forty years. Additionally, the trial court noted Defendant returned to where he had dumped the victim's body to dispose of the gun with which he had shot her hours later. In *Fox*, this court noted as part of the basis in affirming the defendant's maximum sentence that "the defendant received the benefit of being convicted for the lesser offense of manslaughter, which has a significantly reduced sentencing

6

exposure than the original charge of second degree murder." 184 So.3d at 896. "In considering the nature of the offense, both the trial court and the reviewing court may assess whether the crime for which defendant has been convicted adequately describes his conduct when the conviction is for a lesser included responsive offense to the crime charged." *State v. Lewis*, 09-1404, p. 8 (La. 10/22/10), 48 So.3d 1073, 1078.

Given that Defendant shot his wife twice in the back of the head, dumped her body off a bridge where she ultimately died of drowning in the water below, returned at a later time to dispose of the gun used in the crime, and initially lied to police about his involvement, we find that the trial court did not abuse its discretion in imposing a maximum sentence.

**DECREE**

Defendant's conviction and sentence of forty years at hard labor in the custody of the Louisiana Department of Corrections with credit for time served is affirmed.

**AFFIRMED.**

7