PER CURIAM
Stay lifted; writ granted.
Louisiana C.Cr.P. art. 729.5 confers on the trial court the authority to sanction a discovery violation, providing the court with an array of options. The court may order the offending party "to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate." La. C.Cr.P. art. 729.5(A). Although a mistrial is among the sanctions available to a trial court, it is a drastic remedy, and except in circumstances in which the mistrial is mandatory, "is warranted only when a trial court error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial." State v. Harris , 00-3459, p. 8-9 (La. 2/26/02), 812 So.2d 612, 617.
Under the particular facts of this case, the trial court abused its vast discretion in granting the motion for mistrial. The State has represented in the trial court and in pleadings before this court that it will recall its witnesses for cross-examination in light of the newly produced discovery. As a consequence of the mistrial, the defense has had several days in which to review the newly produced material and prepare its case, alleviating the element of surprise. Under these circumstances, it does not appear that any alleged prejudice suffered by defendant by the late disclosure of allegedly prior inconsistent statements of the victim has substantially compromised defendant's right to a fair trial because the alleged inconsistencies may still be explored.
*1203 Accordingly, the writ is granted and the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings.
JOHNSON, C.J., would deny.
HUGHES, J., would deny.
GENOVESE, J., would deny.